IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| NANCY L. WRIGHT, | § | **CIVIL ACTION NO. H-13-0022** |
| Debtor/Appellant. | § | Bankruptcy Case No. 12-39284 |

## MEMORANDUM AND ORDER

Debtor Nancy L. Wright filed this appeal from the Order for Possession ("Order") entered in her Chapter 11 bankruptcy case on December 28, 2012. Appellant filed her Opening Brief [Doc. # 11], and Appellee Federal National Mortgage Association ("FNMA") filed its Brief [Doc. # 12]. Appellant neither filed her reply brief nor requested additional time to do so. Having reviewed the full record and the applicable legal authorities, the Court **affirms** the Bankruptcy Court's Order.

### I.     BACKGROUND

In August 2010, Appellant filed a wrongful foreclosure lawsuit against her mortgage servicer. The case was removed to federal court and assigned to the Hon. David Hittner. While the lawsuit was pending, Appellant's property was sold at foreclosure to ("FNMA"). By Order entered December 5, 2011, Judge Hittner granted summary judgment in favor of the defendant and dismissed the lawsuit with prejudice. *See* Order, Doc. # 39 in Civil Action No. 4:10-cv-3520. Appellant filed a Notice of

Appeal, but the Fifth Circuit denied her request for a stay pending appeal on December 14, 2012.

On April 10, 2012, Appellant filed a Chapter 13 Voluntary Petition. On September 12, 2012, the bankruptcy court issued the Order Terminating Stay, lifting the automatic stay with respect to FNMA's interest in Appellant's property, including FNMA's right to evict Appellant and obtain possession of the property. *See* Order Terminating Stay [Doc. # 109 in Bankruptcy Case No. 12-32737-H4-13]. By Order [Doc. # 124 in Bankruptcy Case No. 12-32737-H4-13] entered September 19, 2012, the bankruptcy court denied Appellant's request for a stay pending appeal.

Meanwhile, on December 18, 2012, four days after the Fifth Circuit denied her request for a stay pending appeal, Appellant filed a Chapter 11 Voluntary Petition, even though her Chapter 13 case was still pending. The bankruptcy court issued an Order for Possession [Doc. # 12 in Bankruptcy Case No. 12-39284], requiring Appellant to vacate the property and deliver the keys to FNMA's designee by 5:00 p.m. on January 4, 2013. Appellant filed the pending appeal. The bankruptcy court denied Appellant's request for a stay pending appeal, and this Court similarly denied a stay. *See* Order [Doc. # 3].

On February 21, 2013, Appellant filed a Notice of Change of Address with the bankruptcy court. *See* Doc. # 39 in Bankruptcy Case No. 12-39284. It is clear from

the record that Appellant has complied with the Bankruptcy Court's Order for Possession and has vacated the property.

## II.     STANDARD OF REVIEW

The Court reviews a bankruptcy judge's conclusions of law *de novo* and findings of fact under the "clearly erroneous" standard. *Barron v. Countryman*, 432 F.3d 590, 594 (5th Cir. 2005).

A factual finding is clearly erroneous "only if on the entire evidence, the court is left with the definite and firm conviction that a mistake has been committed." *Robertson v. Dennis*, 330 F.3d 696, 701 (5th Cir. 2003) (internal quotations and citation omitted). Stated differently, a "factual finding is not clearly erroneous if it is plausible in the light of the record read as a whole." *In re Ramba, Inc.*, 416 F.3d 394, 402 (5th Cir. 2005). "As long as there are two permissible views of the evidence," the Bankruptcy Court's "choice between competing views" is not clearly erroneous. *In re Acosta*, 406 F.3d 367, 373 (5th Cir. 2005) (citing *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985)). The district court must give "due regard" to the bankruptcy court's assessment of witness credibility. *Robertson*, 330 F.3d at 701.

Mixed questions of law and fact are reviewed *de novo*. *In re Quinlivan*, 434 F.3d. 314, 318 (5th Cir. 2006); *In re Stonebridge Technologies, Inc.*, 430 F.3d 260, 265 (5th Cir. 2005).

Matters within a bankruptcy judge's discretion are reviewed for an abuse of discretion. *See In re Gandy*, 299 F.3d 489, 494 (5th Cir. 2002). A bankruptcy court abuses its discretion when it applies an improper legal standard or bases its decision on findings of fact that are clearly erroneous. *In re Crager*, 691 F.3d 671, 675 (5th Cir. 2012).

This Court "may affirm if there are grounds in the record to support the judgment, even if those grounds were not relied upon by the courts below." *In re Cueva*, 371 F.3d 232, 236 (5th Cir. 2004) (quoting *Matter of Besing*, 981 F.2d 1488, 1494 (5th Cir.), *cert. denied*, 510 U.S. 821 (1993)).

## III.   ANALYSIS

### A.   Chapter 11 Filing

Appellant argues that the Bankruptcy Court lacked jurisdiction because there was no commencement of a Chapter 11 case. The record establishes conclusively that Appellant filed a signed Chapter 11 Voluntary Petition [Doc. # 1 in Bankruptcy Case 12-39284] on December 18, 2012.

Appellant argues that the Chapter 11 case was not properly commenced because the Clerk did not provide notice pursuant to 11 U.S.C. § 342(b) that indicates each chapter of the bankruptcy code under which the debtor may proceed. *See* Appellant's Brief, p. 12 (citing 11 U.S.C. § 342(b)). It is clearly established, however, that a

voluntary bankruptcy case "is commenced by the filing with the bankruptcy court of a petition . . . by the entity that may be a debtor . . .." 11 U.S.C. § 301(a). Appellant has cited no legal authority for her assertion that failure to comply with the notice provision of § 342(b) prevents the commencement of the bankruptcy case or otherwise affects the bankruptcy court's jurisdiction, and this Court is aware of none.

Moreover, in this case, Appellant signed the Voluntary Petition declaring under oath that she had "obtained and read the notice required by 11 U.S.C. § 342(b)." *See* Petition [Doc. # 1 in Bankruptcy Case 12-39284], p. 3. Appellant's argument that the Chapter 11 case was not commenced because there was no notice as required by § 342(b) is refuted by the record and legally unsupported.

### B. Alleged "Errors and Deficiencies in Fundamental Due Process"

Appellant argues that her due process rights were violated by entry of the Order for Possession because (1) she did not receive sufficient notice of the Show Cause Hearing; (2) she had inadequate time to prepare for the Show Cause Hearing; (3) she was not represented by counsel; (4) she objected to proceeding without counsel; (5) her request for a continuance to obtain counsel was denied; (6) she was required to give "compelled testimony"; and (7) she had inadequate time to prepare her testimony without counsel. As to each of these issues, Appellant includes an assertion that the jurisdiction of the bankruptcy court was not properly invoked. That assertion

is discussed and rejected by this Court in connection with Appellant's first issue on appeal.

With reference to the timing issues, (1) and (2), the record reflects that Appellant was given four (4) days telephonic notice of the Show Cause Hearing. Appellant does not explain how or why this notice was inadequate, except to state the it included Christmas holidays.  It is undisputed that Appellant received actual notice, was advised of the possible sanctions that might be imposed, and appeared personally at the Show Cause Hearing.  Additionally, in this case, there was concern that the Chapter 11 voluntary petition had been filed in bad faith to obtain a stay of eviction that the bankruptcy court had already denied.  As a result, time was of the essence to avoid misuse of the bankruptcy process to delay further Appellant's long-avoided, but inevitable, eviction following foreclosure.

With reference to the issues relating to Appellant's lack of counsel, (3), (4), and (5), she had no constitutional right to counsel in the bankruptcy proceeding.  *See In re Ferrell*, 2008 WL 2857141, *1 n.2 (Bankr. E.D. Tex. July 21, 2008) (citing *Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989)).

With reference to the issues regarding her compelled testimony, (6) and (7), Appellant has a constitutional right not to give testimony in a bankruptcy proceeding if that testimony could incriminate her.  *See In re Huron*, 92 B.R. 670, 673 (Bankr.

N.D. Tex. 1988). There is no allegation or evidence, however, that the testimony Appellant provided at the Show Cause Hearing was criminally inculpatory, or that she asserted her Fifth Amendment right not to provide incriminating testimony.

The issues identified by Appellant in support of her due process claim do not indicate that entry of the Order for Possession violated her due process rights.

## IV.   CONCLUSION

Appellant filed this Chapter 11 bankruptcy case, vesting jurisdiction in the Bankruptcy Court. Appellant's assertion that the Order for Possession violated her due process rights is without merit. Accordingly, it is hereby

**ORDERED** that the Bankruptcy Court's Order for Possession entered December 28, 2012, is **AFFIRMED** and this bankruptcy appeal is **DISMISSED WITH PREJUDICE**.

SIGNED at Houston, Texas, this 17th day of **June, 2013**.

_____
Nancy F. Atlas
United States District Judge